## Appeals of Amos B. Yeager.

The entry of bail for stay of execution in a judgment against the maker of a note will not relieve the indorser, where the bail is entered for the benefit of the surety and with his consent.

The evidence in this case held sufficient to establish the fact that bail was entered at the instance of the maker and indorser, and with their knowledge and consent, and for their accommodation.

The bail is entitled, in such case, upon payment of the debt, to be subrogated to the rights of the plaintiff.

(Argued March 1, 1886. Decided February 14, 1887.)

January Term, 1885, No. 280, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeals from decrees of the Orphans' Court of Berks County distributing the estate of a decedent. Reversed.

Evan Mishler on July 19, 1877, made his promissory note, payable at eight months, to Christian L. Bechtel. Christian L. Bechtel and Elizabeth Mishler indorsed this note, when it was delivered to Martha W. Keim. The same not having been paid at maturity, three separate suits were at the same time brought by Martha W. Keim, one against the maker of the note, and one against each of the indorsers, in the common pleas of Berks county. Judgments were entered against the defendants in each of these cases, and it was agreed that bail for stay of execution should be entered in them.

The appellant was approved as bail in the cases against Evan Mishler and Elizabeth Mishler, but, inadvertently, not in the case against Bechtel. After the expiration of the stay the appellant paid the claim and had judgments marked to his use. This claim was made against the estate of Bechtel, then deceased, before J. K. Grant, Esq., auditor to distribute the balance of the estate in the hands of his administrators. The auditor returned the following testimony of Amos B. Wanner:

NOTE.—A person, who becomes bail for stay of execution at the principal's request alone, and has paid the debt, is not entitled to be substituted in his place. Keller v. Roop, 2 W. N. C. 207; Mowery v. Brumbaugh, 14 Pa. Co. Ct. 257. Nor is he to be subrogated to the rights of the plaintiff against the indorser. Allegheny Valley R. Co. v. Dickey, 131 Pa. 86, 18 Atl. 1003. The contrary was held in YEAGER'S APPEAL, for the reason that the indorser consented.

"I was the attorney for C. L. Bechtel in the suit entitled Keim v. Bechtel. That judgment was assigned by the attorney of the plaintiff to Amos B. Yeager, in consideration of the sum paid by Amos B. Yeager to the plaintiff. Mr. Bechtel knew about this matter and consented to it."

The auditor reported, *inter alia:* Amos B. Yeager became bail for stay of execution in the judgment recovered against Evan Mishler and, by such bailship, execution against the drawer was prevented during the time of the stay, and such act as becoming bail operated to the prejudice and tied up the hands of the indorser, and thereby discharged him, the said Christian L. Bechtel, from his liability in the said judgment against him, as against Amos B. Yeager, who became the bail for stay of execution on the judgment against the maker.

The relation of principal and surety, or drawer and indorser, not being changed by obtaining judgment on the original security, an agreement after judgment to give time to the principal or drawer discharges the surety. Manufacturer's & M. Bank v. Bank of Pennsylvania, 7 Watts & S. 335, 42 Am. Dec. 240; Talmage v. Burlingame, 9 Pa. 21; Com. use of Bellas v. Vanderslice, 8 Serg. & R. 452; Renier v. Rodgers, 2 W. N. C. 16.

The entry of bail for stay of execution operates a discharge of special bail. Roup v. Waldhouer, 12 Serg. & R. 24; Crutcher v. Com. 6 Whart. 340.

The claim of Amos B. Yeager is disallowed.

Exceptions to this report were dismissed by the court, Sassaman, J., and the report confirmed. Subsequently a rule was granted to open the confirmation and take further testimony of Wanner, which it was alleged the auditor had not fully reported. A separate orphans' court having been established in Berks county in the meantime, the testimony was taken by the court, Schwartz, P. J. Besides the testimony given in the opinion of the supreme court, Wanner testified: "I could not say that Yeager became bail at the request of Mr. Bechtel because Mishler brought him there."

The court found, *inter alia:*

"This testimony does not establish the fact that Bechtel ever requested or solicited Yeager to become surety in said suits, nor that he in any way promoted the procurement thereof; nor that his wishes or satisfaction with the arrangement were ever com-

municated to surety. It is clear that Wanner, the decedent's counsel, informed him of what was going on, and that he was satisfied and pleased with the matter as arranged. If the assent or even bare approval, uncommunicated to the claimant, is sufficient to change the rule of suretyships, then he is entitled to recover. If, on the contrary, affirmative action was necessary on the part of Bechtel by and through which the claimant was induced to become surety, he is not entitled to recover his claim.

"Our laws have it that where one party is a surety or an indorser for another, and where in such case judgment is obtained against the principal debtor, and a third party becomes bail for stay of execution, he in such event takes the payment of the debt upon himself and relieves the surety or indorser from the payment thereof. See Brandt, Suretyship & Guaranty, §§ 299, 300; Pott v. Nathans, 1 Watts & S. 155, 37 Am. Dec. 456; Schnitzel's Appeal, 49 Pa. 23, 78 Am. Dec. 477. I find nothing in any part of the evidence submitted to take this case out of above-stated rule."

The court therefore dismissed the rule granted, and confirmed the report.

The assignments of error specified the action of the court in dismissing the exceptions and in confirming the report and disallowing the claim of appellant.

*H. Willis Bland* and *J. Howard Jacobs,* for appellant.—The surety who, at the time or before an extension is granted to the principal, consents to the same is not discharged thereby. Brandt, Suretyship & Guaranty, § 299; Treat v. Smith, 54 Me. 112; Wright v. Storrs, 6 Bosw. 600; Baldwin v. Western Reserve Bank, 5 Ohio, 273, 274; Wolf v. Fink, 1 Pa. St. 440, 44 Am. Dec. 141.

Bail for stay of execution, having paid the judgment, is entitled to subrogation to the rights of the plaintiff in the judgment. Brewer's Appeal, 7 Pa. 333.

Where a third party intervenes at the request of the surety, and pays the debt, the surety is liable to such third party for so much paid to his use. Brien v. Smith, 9 Watts & S. 78.

The conduct of Bechtel estops him and his personal representatives from denying Yeager's right to subrogation. Bispham, Eq. § 380; Pickard v. Sears, 6 Ad. & El. 469; Bidwell v. Pittsburgh, 85 Pa. 417, 27 Am. Rep. 662.

*A. G. Green* and *Henry C. G. Reber,* for appellees.—If the -surety knows of the extension, at the time it is given, it is not necessary that he should object thereto, in order to enable him to set up his discharge. Stewart v. Parker, 55 Ga. 656; Riggins .v. Brown, 12 Ga. 271.

And even if he signs the agreement for extension as a witness, that fact will not prevent his discharge by such extension. Edwards v. Coleman, 6 T. B. Mon. 567.

He must actively concur and consent to be bound by the terms of the new agreement. Id.; Brandt, Surety, § 299.

OPINION BY MR. JUSTICE STERRETT:

If it be true that appellant became bail for stay of execution in judgment against Mishler, the maker of the note, without the consent of Bechtel, the first indorser, it may be conceded that he had no right to have the judgment against the latter marked to his own use and enforce it as a claim against Bechtel's estate. The principle applicable to such a state of facts is recognized in Pott v. Nathans, 1 Watts & S. 155, 37 Am. Dec. 456; and Schnitzel's Appeal, 49 Pa. 23, 78 Am. Dec. 477.

But, on the other hand, if he became surety for the benefit of Bechtel and with his consent, the principle does not apply. The controlling question of fact is whether he did so or not.

Three separate judgments were simultaneously entered against the maker, and two of the indorsers of the note, respectively; and it was then understood and agreed that bail for stay should be entered in each case. Appellant, having consented to become security for that purpose, was duly approved as bail in two of the cases, but by some unexplained oversight no entry was made on the record of the judgment against Bechtel the first indorser. Acting on the supposition that bail for stay had been entered in each case, no notice was taken of the omission. When the stay expired, appellant paid the amount and had the judgments marked to his use. Subsequently he presented the judgment against Bechtel and claimed the right to participate, as a creditor, in the distribution of his estate; but the objection was interposed that he had no right to do so, because he became bail for stay of execution in the judgment against the maker of the note, without the consent of Bechtel the first indorser.

The learned auditor, charged with the distribution of the fund

in the hands of Bechtel's administrators, decided adversely to appellant, and his report was confirmed by the court. Afterwards, the decree was opened and the report referred back, with power to retake the testimony of Amos B. Wanner, Esq., "who acted as counsel for all the defendants in the three judgments above referred to." Finally, the report of the auditor as first presented was confirmed and decree of distribution entered accordingly.

Appellant's contention is that the learned court erred in not deciding that he became surety for the maker of the note with the consent of Bechtel, the first indorser, and for his accommodation and benefit. As we understand the testimony, this contention is sustained.

Mr. Wanner, the witness on that subject, testified in substance that he was attorney for all the defendants in the suits against the maker and indorsers of the note; that Bechtel frequently came to his office, spoke about the suits, wanted to have bail for stay entered, and knew that appellant had consented to become surety. He further says: "I accepted service of the writ and informed Bechtel of the suit. We had no defense and agreed that judgment be entered and bail entered for stay of execution. This was the conversation with Mr. Bechtel. He was the very party I wanted to shield. . . . Bail was to be entered for all and I was so informed, and if I had been present I would have seen that bail was entered in all. I subsequently informed Mr. Bechtel that bail had been entered in all the cases, and he was satisfied."

In view of this and other corroborated evidence, the conclusion reached by the learned judge, as expressed in his first opinion, was clearly correct. He there says: "There can be no doubt it was the intention of all the defendants to have Amos B. Yeager go security for each of them. He became surety with the knowledge and assent of all the defendants, including Mr. Bechtel." If he had adhered to this conclusion, the decree complained of would not have been entered.

In our opinion the fact is clearly established by the evidence that at the instance of all the defendants, with their knowledge and consent, and for their accommodation, appellant became bail for stay. In view of this, upon payment of the amount for which he became surety, he was entitled to be subrogated to the rights of plaintiff in each of the respective judgments. To deny

him the benefit of that right would, under the circumstances, be a harsh measure of justice.

The assignments of error are sustained.

Decree reversed at the costs of appellees and record remitted by the Orphans' Court, with instructions to distribute the fund in accordance with this opinion.